1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

JUNIOR ALEXANDER RAMIREZ-RAMOS,

               Petitioner,

    v.

KRISTI NOEM, *et al.*,

               Respondents.

Case No.: 2:26-cv-00332-RFB-MDC

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Junior Alexander Ramirez-Ramos' Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his civil detention at Nevada Southern Detention Center ("NSDC") in the custody of Immigration and Customs Enforcement ("ICE"). Petitioner asserts his detention without a bond hearing under 8 U.S.C. § 1225(b)(2)(A) violates the Immigration and Nationality Act (INA) because he is properly detained under § 1226(a) and its implementing regulations and violates the Due Process Clause of the Fifth Amendment. See Petition ("Pet.") at 8-10, ECF No. 1.

The only authority Respondents provide for detaining Petitioner without a bond hearing is their novel statutory interpretation of § 1225(b)(2)(A), which this Court has repeatedly found is unlawful. See, e.g., Jacobo-Ramirez v. Noem, No. 2:25-cv-02136-RFB-MDC, 2026 WL 310090 (D. Nev. Feb. 5, 2026) (collecting cases). For the following reasons, and consistent with its prior decisions, the Court finds Respondents' ongoing detention of Petitioner under § 1225(b)(2)(A) is unlawful under the INA and Due Process Clause. Thus, the Court grants the Petition and orders Respondents to provide promptly provide Petitioner a constitutionally adequate bond hearing or immediately release him from custody.

1        The Court makes the following findings of fact. Petitioner is a 34-year-old native and

2  citizen of Guatemala who has resided in the United States since 2022, when he entered the country

3  without inspection. See Pet., Ex. B, Form I-213, ECF No. 1-2. His only criminal history is an

4  October 17, 2025 arrest by Henderson Police Department ("HPD") for allegedly driving under the

5  influence, without a license, failure to yield at an intersection, and failure to give information to a

6  third party in a vehicle accident, all charges which remain pending. Id. After the arrest, HPD

7  detained Petitioner at Henderson Detention Center ("HDC") and sent ICE Enforcement and

8  Removal Operations ("ERO") a Temporary Custody Record. Id. ERO lodged an immigration

9  detainer, Form I-247A, with HDC. Id. The next day, October 18, 2025, HDC informed ERO that

10  Petitioner was ready for release, and continued to detain him until October 20, 2025, when ICE

11  took him into custody and commenced removal proceedings against him, charging him as, *inter*

12  *alia*, being present in the United States without admission or parole and therefore removable under

13  8 U.S.C. § 1182(a)(6)(A)(i). See id.

14        On January 20, 2026, Petitioner sought a custody redetermination hearing (*i.e.* bond

15  hearing) pursuant to 8 C.F.R. § 1236. See Pet., Ex. D, Motion for Bond Redetermination Hearing,

16  ECF No. 1-4. Before the Las Vegas Immigration Court, Petitioner's counsel argued that the class

17  wide declaratory judgment in Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2025

18  WL 3678485 (C.D. Cal. Dec. 18, 2025) entitled Petitioner, as a class member, to an individualized

19  bond hearing under § 1226(a) and its implementing regulations. See id. at 2-3. The immigration

20  judge (IJ) acknowledged the declaratory judgment, but denied Petitioner a bond hearing, because

21  "[t]he official position of the Executive Office for Immigration Review is that Maldonado Bautista

22  . . . does not purport to vacate, stay, or enjoin" Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA

23  2025) ("Hurtado"), so "immigration courts no longer have authority to issue bonds to any

24  individual . . . who has not been admitted to the United States." Id. However, on February 18,

25  2026, the Maldonado Bautista Court *did* vacate Hurtado under the Administrative Procedures Act,

26  5 U.S.C. § 706(2)(A). See Maldonado Bautista v. Noem, No. 5:25-CV-01873-SSS-BFM, 2026

27  WL 468284 (C.D. Cal. Feb. 18, 2026). Consequently, the immigration court's legal basis for not

28  providing Petitioner with an individualized bond hearing is now void.

1       Further, this Court independently rejects Respondents' and <u>Hurtado</u>'s statutory

2    interpretation of § 1225(b)(2)(A) as applied to noncitizens like Petitioner, who was arrested by

3    ICE far from any border or port of entry after years of residence in this country, for the reasons

4    discussed in detail in this Court's previous decisions, which the Court incorporates and adopts by

5    reference here. <u>See</u>, <u>e.g.</u>, <u>Escobar Salgado v. Mattos</u>, ---- F.Supp.3d ---, No. 2:25-CV-01872-RFB-

6    EJY, 2025 WL 3205356 (D. Nev. Nov. 17, 2025); <u>Jacobo Ramirez v. Noem</u>, --- F. Supp. 3d ---,

7    No. 2:25-CV-02136-RFB-MDC, 2025 WL 3270137, at *7-11 (D. Nev. Nov. 24, 2025). The Court

8    is not persuaded to reconsider its statutory analysis by the small pool of nonbinding case law cited

9    by Respondents, including the recent Fifth Circuit decision in <u>Buenrostro-Mendez v. Bondi</u>, Nos.

10   25-20496 & 25-40701, 2026 WL 323330 (slip op.) (5th Cir. Feb. 6, 2026), for many of the reasons

11   identified in dissent by Judge Douglas, <u>see</u> <u>id.</u>, at *10-18 (Douglas, J., dissenting), and by other

12   district courts. <u>See</u>, <u>e.g.</u>, <u>Carbajal v. Wimmer</u>, No. 2:26-CV-00093, 2026 WL 353510, at *4 (D.

13   Utah Feb. 9, 2026); <u>Singh v. Baltazar</u>, No. 1:26-CV-00336-CNS, 2026 WL 352870 (D. Colo. Feb.

14   9, 2026).

15       Moreover, <u>Buenrostro-Mendez</u> did not address an as applied constitutional challenge to

16   Respondents detention policy under § 1225(b)(2)(A), which Petitioner raises here. The Court

17   incorporates by reference the legal authorities and standards set forth in <u>Escobar Salgado</u> regarding

18   the due process rights of noncitizens in Petitioner's position, including the Court's findings

19   regarding Respondents' erroneous reliance on <u>Dep't of Homeland Sec. v. Thuraissigiam</u>, 591 U.S.

20   103 (2020) to contend that all noncitizens residing in this country who entered without inspection

21   have no right to due process under the Constitution. <u>See</u> <u>Escobar Salgado</u>, 2025 WL 3205356, at

22   *22-24; <u>see also</u> <u>Padilla v. U.S. Immig. and Cust. Enf't</u>, 704 F. Supp. 3d 1163 (W.D. Wash. 2023).

23   Consistent with its prior decision in <u>Escobar Salgado</u>, Court finds that Respondents' civil detention

24   of Petitioner without a bond hearing and without providing any individualized, constitutionally

25   recognized justification for his detention violates his procedural and substantive due process rights.

26   2025 WL 3205356, at *22-24. The Court therefore orders Respondents to provide Petitioner a

27   bond hearing wherein the government bears the burden of establishing an individualized,

28   constitutionally recognized interest in civilly detaining Petitioner, *i.e.*, that his detention is

1    necessary to prevent danger to the community or to ensure his future appearance at removal

2    proceedings. See Zadvydas v. Davis, 533 U.S. 678, 690 (2001).

3        Consistent with its broad equitable authority to fashion a habeas remedy for unlawful

4    detention "as law and justice require," the Court finds that, given the arbitrary deprivation of liberty

5    that Petitioner has suffered and continues to suffer, Respondents must provide a bond hearing

6    promptly, no later than **February 25, 2026**, or immediately release him from custody on his own

7    recognizance. See Carafas v. LaVallee, 391 U.S. 234, 238 (1968).

8        Based on the foregoing **IT IS HEREBY ORDERED** that the (ECF No. 1) Petition for

9    Writ of Habeas Corpus is **GRANTED**.

10       **IT IS FURTHER ORDERED** that the (ECF No. 2) Motion for Preliminary Injunction is

11   **DENIED as moot.**

12       **IT IS FURTHER ORDERED** that Respondents, including the immigration court, must

13   provide Petitioner with a constitutionally adequate bond hearing pursuant to 8 U.S.C. § 1226(a)

14   no later than **February 25, 2026**. The immigration court must create a contemporaneous record of

15   the bond hearing that is available to Petitioner upon request. See, e.g., Rodriguez v. Robbins, 715

16   F.3d 1127, 1136 (9th Cir. 2013).

17       **IT IS FURTHER ORDERED** that if bond is granted, Respondents

18   are **ORDERED** to **IMMEDIATELY RELEASE** Petitioner from detention. The Court has

19   received notice of the hardship other petitioners have incurred in their efforts to satisfy bond

20   through ICE payment portals, and, therefore, **IT IS FURTHER ORDERERD** that Petitioner be

21   afforded until **March 25, 2026** to satisfy any monetary bond conditions.

22       **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

23   from invoking 8 C.F.R. § 1003.19(i)(2) to continue Petitioner's detention, as the Court has already

24   found the regulatory automatic stay is facially unconstitutional and adopts that finding here. See

25   Herrera v. Knight, 798 F. Supp. 3d 1184 (D. Nev. 2025).

26       **IT IS FURTHER ORDERED** that if a constitutionally adequate bond hearing is not

27   conducted by **February 25, 2026**, Respondents must **IMMEDIATELY RELEASE**

28   **PETITIONER** from custody **ON HIS OWN RECOGNIZANCE.**

- 4 -

1    **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

2    from detaining Petitioner during the pendency of his current removal proceedings unless and until

3    it is determined that his detention is warranted under § 1226(a) after a constitutionally adequate

4    bond hearing.

5    **IT IS FURTHER ORDERED** that Respondents are **PERMANENTLY ENJOINED**

6    from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

7    **IT IS FURTHER ORDERED** that the Parties shall file a joint status report by **February**

8    **26, 2026**. The status report shall detail if the bond hearing occurred, if bond was granted or denied,

9    and, if denied, the reasons for that denial. If bond was granted or the bond hearing has not occurred,

10    the status report shall confirm Petitioner's release from detention in compliance with this Order.

11    The Clerk of Court is instructed to enter judgment accordingly and close this case. The

12    Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this

13    matter to enforce the judgment without filing a separate case. The Court also retains jurisdiction

14    to consider Petitioner's request for fees and costs. Any fee petition should be filed within the

15    deadlines and consistent with the requirements set by the Equal Access to Justice Act, 28 U.S.C.

16    § 2412.

17    **DATED:** February 22, 2026.

18

19    _____

20    **RICHARD F. BOULWARE, II**
     **UNITED STATES DISTRICT JUDGE**

21

22

23

24

25

26

27

28

- 5 -